

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

_____

|  |  |
|---|---|
| *Nemours Building* | *(302) 573-6277* |
| *1007 Orange Street, Suite 700* | *FAX (302) 573-6220* |
| *P.O. Box 2046* | |
| *Wilmington, Delaware 19899-2046* | |

June 9, 2008

**VIA ECF**

The Honorable Sue L. Robinson
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

       **Re:    United States v. Christopher Waterman**
               **Criminal Action No.  07-73-SLR**

Dear Judge Robinson:

      Today the government filed a memorandum in response to the defendant's Motion for Bail Pending Appeal by the Government (D.I. 30).[1]  In footnote 3 of this memorandum, the government addressed the issue of whether or not the Court should apply the rebuttable presumption set forth in 18 U.S.C. § 3142(e) to its detention analysis.  As the footnote indicates, the government does not believe that it is necessary to address this issue to resolve the defendant's motion, due to the weighty reasons favoring the defendant's continued detention in this case.  However, if the Court finds it necessary to rule on this question, the government submits that the Tenth Circuit's opinion in United States v. Pina-Aboite, 97 Fed. Appx. 832 (10th Cir. May 11, 2004), is helpful in this regard.

      In Pina-Aboite, the district court suppressed ten pounds of methamphetamine – the primary evidence supporting two drug trafficking charges against the defendant.  Id. at 834.  The government appealed this order.  Id.  When considering whether or not to release the defendant pending the government's appeal, the district court applied the rebuttable presumption provided for in § 3142(e).[2]  Id. at 835.  The Tenth Circuit affirmed this rationale.  In particular, the court reasoned that, even though the court had suppressed the evidence for use at trial, this ruling did not alter the fact that a

_____

    [1]  This memorandum was filed under seal since it contained information from the defendant's Pretrial Services Report.

    [2]  18 U.S.C. 3142(e) provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" an offense under 18 U.S.C. § 924(c) or 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B).

grand jury had already indicted the defendant with a federal drug offense carrying a maximum prison term of ten years or more. Id. The indictment, under Tenth Circuit law, was sufficient to serve as the "probable cause" finding necessary to trigger the rebuttable presumption under § 3142(e), and the suppression order did not impact this initial determination. Id.

In a similar manner, under Third Circuit law, an indictment for a listed offense under § 3142(e) is sufficient to trigger the rebuttable presumption for an individual's detention. United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). The fact that the Court has suppressed the evidence in this case for use at trial does not alter this initial probable cause determination. Pina-Aboite, 97 Fed. Appx. at 835. Therefore, if the Court finds it appropriate to rule on this issue, the government respectfully asserts that it should apply the rebuttable presumption in this case.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


BY:    Shawn A. Weede
       Shawn A. Weede
       Assistant United States Attorney


Enclosure

cc:    Edson A. Bostic, Esq.